<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAMADA WORLDWIDE INC., | : | |
| Plaintiff, | : | Civil Action No. 07-2726 (JLL) |
| v. | : | |
| SHRIJI KRUPA, LLC, ET AL., | : | **REPORT AND RECOMMENDATION** |
| Defendants. | : | |

**I.      INTRODUCTION**

This matter is before the Court by way of defendant Mitesh Patel's ("Mitesh") motion to vacate default judgment and dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Mot., Feb. 8, 2013, ECF No. 35). On February 28, 2013, plaintiff Ramada Worldwide Inc. ("plaintiff") filed an opposition brief. (Opp'n, Feb. 28, 2013, ECF No. 37). On March 11, 2013, Mitesh filed a reply brief in further support of his motion. (Reply, Mar. 11, 2013, ECF No. 38). Pursuant to Local Civil Rule 72.1, the Honorable Jose L. Linares, United States District Judge, referred the motion to this Court for Report and Recommendation. The Court has considered defendant Mitesh's motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court respectfully recommends that the District Court grant Mitesh's motion to vacate default judgment, deny his motion to dismiss the complaint, quash the alleged service upon him, and allow plaintiff additional time to properly effect service of process on defendants.

## II.     BACKGROUND

### A.     Factual Background

This litigation arises out of a dispute involving the termination of a franchise agreement between plaintiff and defendant Shriji Krupa LLC ("Shriji"). (Compl. ¶¶ 1, 2, 12, 21, 36–41, June 11, 2007, ECF No. 1). The Complaint alleges that defendants Rajesh Patel, Urvashi Patel, and Mitesh are the "only constituent members of Shriji." (Id. ¶¶ 3–6). Ramada Worldwide, formerly known as Ramada Franchise Systems, is a provider of guest lodging facility franchises, which allow franchisees to use Ramada's trademarks and various services at their lodging facilities. (Id. ¶¶ 12–13). In June 2001, plaintiff entered into a fifteen (15) year franchise agreement with defendant Shriji for the operation of a guest lodging facility in Indiana. (Id. ¶ 21). Thereafter, plaintiff alleges that Shriji failed to maintain appropriate standards of quality, causing the facility under Shriji's control to fail several inspections that ultimately compelled plaintiff to terminate the franchise agreement. (Id. ¶¶ 36–41). Plaintiff claims that it sent a letter dated December 30, 2004 to Shriji advising it that the franchise agreement had been terminated and that any items or advertisements that would identify Shriji's facility with the Ramada brand were to be removed. (Id. ¶ 42). The letter further stated that the amount of $473,526.80 was payable, as a result of the early termination of the licensing agreement. (Id.). Plaintiff alleges that after receiving the letter, Shriji continued to use the Ramada "marks," and, in response to telephone inquiries, continued to identify its facility as being affiliated with Ramada. (Id. ¶¶ 44–46). On June 21, 2005, plaintiff claims it sent another letter to defendant Shriji reiterating the requirements of the termination, including the need to "de-identify" the facility. (Id. ¶ 47).

B.   **Procedural History**

On June 11, 2007, plaintiff filed its complaint in the District of New Jersey, alleging violations of the Lanham Act, 15 U.S.C. § 1114(1)(a), 1125(a), contractual damages, and liability for the debts of Shriji by its members. (Id. ¶¶ 50–52, 56, 61, 66–67, 70–71, 75). On June 12, 2007, summonses were issued for defendants Shriji Krupa, LLC, Rajesh Patel, Urvashi Patel, and Mitesh Patel. (See ECF No. 2). On September 19, 2007, plaintiff's counsel wrote a letter to the Court requesting additional time to serve the defendants. (Letter, ECF No. 3). On September 27, 2007, the Court granted an additional sixty (60) days for service, and moved the answer deadline to December 8, 2007. (Order, ECF No. 4). On November 8, 2007, plaintiff filed the return of summons for defendant Mitesh, including the sworn statement of a process server declaring that he had personally served Mitesh on October 30, 2007. (Summons, ECF No. 5). On November 28, 2007, plaintiff's counsel requested an extension of time to serve the remaining defendants, which the Court granted on November 30, 2007. (Letter, ECF No. 6; Order, ECF No. 8). On February 6, 2008, plaintiff again drafted a letter requesting additional time to serve defendants, which the Court granted on February 14, 2008. (Letter, ECF No. 9; Order, ECF No. 10). On April 4, 2008, plaintiff once more drafted a letter requesting additional time to serve defendants, which was granted on April 15, 2008. (Letter, ECF No. 11; Order, ECF No. 12). On June 10, 2008, plaintiff voluntarily dismissed defendants Rajesh Patel and Urvashi Patel. (Notice, ECF No. 13). On June 27, 2008, plaintiff filed an affidavit of service for defendant Shriji Krupa, LLC, in which the Secretary of State of Indiana declared that it mailed, by certified mail, a copy of the summons and complaint to Shriji Krupa on November 19, 2007, and received a response

of "Return to Sender."  (Aff., ECF No. 14).

On July 22, 2008, at the request of plaintiff, the Clerk of the Court entered a default against the remaining defendants Shriji Krupa, LLC and Mitesh Patel for failure to appear.  (See Req. for Default, ECF No. 15).  On October 10, 2008, plaintiff filed a motion for default judgment against defendants Shriji Krupa, LLC and Mitesh Patel.  (Mot., ECF No. 16).  On May 27, 2009, the Court granted plaintiff's motion for default judgment.  (Op., ECF No. 17; Order, ECF No. 18).  No further pertinent actions were taken in this action until July 25, 2012, when defendant Mitesh filed a motion to vacate the default judgment against him.  (Mot., ECF No. 21).

Defendant Mitesh Patel avers that he was unaware of the judgment against him until he sought to refinance his home in the fall of 2011, at which point he was made aware of it.  (Def.'s Br. at 2, ECF No. 35-1).  Thereafter, on March 8, 2012, Mitesh Patel, proceeding pro se, filed an action in the Central District of Illinois.  Mitesh Patel sought to vacate any orders against him, including the default judgment entered by the District of New Jersey, and to dismiss the complaint.  (See Exh. E, ECF No. 35-2).  On June 28, 2012, the court denied Mitesh Patel's various motions without reaching the merits, determining instead that he would have to seek any such relief in the District of New Jersey.  (See Exh. F, ECF No. 35-2).  Accordingly, on July 25, 2012, Mitesh Patel filed a motion in this Court seeking to vacate the default judgment against him, and further dismiss the complaint for insufficient service of process.  (Mot., ECF No. 21).  On January 3, 2013, the Court terminated Mitesh Patel's motion without prejudice, directing him to re-submit before February 8, 2013, with clarification under which Rule he sought relief.  (Order, ECF No. 34).  Thus, on February 8, 2013, Mitesh Patel filed the instant motion to vacate

4

default judgment and dismiss the complaint for insufficient service of process. (Mot., ECF No. 35). Plaintiff filed its opposition on February 28, 2013. (Opp'n Br., ECF No. 37). On March 11, 2013, Mitesh Patel filed his reply brief. (Reply, ECF No. 38).

## III. DISCUSSION

### A. Default Judgment Against Defendant Mitesh Patel

Federal Rule of Civil Procedure 60(b) governs whether the Court may vacate a default judgment against a party. Defendant Mitesh Patel argues that he is entitled to relief under Rule 60(b)(4), and alternatively Rule 60(b)(6). (Mot. at 4, ECF No. 35-1). Rule 60(b)(4) and (6) provide, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if;] . . . the judgment is void[,] . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). The Court first addresses Rule 60(b)(4).

Defendant Mitesh Patel argues that the underlying default judgment is void because plaintiff failed to effectuate service of process. (Mot. at 4, ECF No. 35-1). "Proper service of process is required to establish personal jurisdiction over a defendant. Without personal jurisdiction, the Court cannot enter default judgment." Days Inns Worldwide, Inc. v. Hartex Ventures, Inc., No. 10-336 (WHW), 2011 WL 1211353, at *2 (D.N.J. Mar. 28, 2011) (internal citations omitted). A decision to set aside a default judgment is left primarily to the discretion of the Court, but the Third Circuit has stated that default judgments are disfavored so that "cases may be decided on their merits." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194–95 (3d Cir. 1984) (internal citations and quotation marks omitted); see also Charles A. Wright & Arthur Miller, 11 Fed. Prac. & Proc. Civ. § 2857 (3d ed.) (stating same particularly

5

where "no actual injustice will ensue" by vacating the default judgment and proceeding to decide the case on its merits).

In analyzing whether to vacate a default judgment, courts generally use three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." World Entm't Inc. v. Brown, 487 Fed. App'x 758, 761 (3d Cir. 2012) (quoting $55,518.05, 728 F.2d at 195 (collecting cases)). However, "[a] default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985); see also Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84–86 (1988) (holding that there is no requirement of a meritorious defense to vacate default judgment when service was defective).

In ascertaining whether service was properly effected, and accordingly, whether the default judgment was void, courts must afford weight to objective indicators, such as a sworn affidavit by a disinterested party. In re Graves, 33 F.3d 242, 251 n.16 (3d Cir. 1994) ("[The Court] accordingly give[s] weight to an objective indication that process has been served."); see also Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.) (stating that a process server's return creates a rebuttable presumption of validity of service) (collecting cases). However, such weight does not create an irrebuttable presumption that service was valid. See Wright & Miller 4B Fed. Prac. & Proc. Civ. § 1130 (3d ed.) ("Although the return of service of the summons and the complaint is strong evidence of the facts stated therein, it is not conclusive and may be controverted upon a showing that the return is inaccurate."). For a party to rebut valid service

accompanied by an affidavit, it must submit sufficient evidence to do so, and may not rely merely on statements by interested parties.  See Noske v. Dicaterino Contracting, Inc., No. 92-4153 (AMW), 1994 WL 386850, at *4–5 (D.N.J. July 19, 1994) (holding that the "bare assertion" affidavits of the parties and their spouses standing alone would not overcome the sworn statement of effective service of process by the process server).  To that end, courts afford more weight to a disinterested third party's sworn affidavit than the bare assertion of an interested party.  FROF, Inc. v. Harris, 695 F. Supp. 827, 829 (E.D. Pa. Aug. 19, 1988).

Here, defendant Mitesh Patel declares that he has not lived at the address where plaintiff purportedly effected service of process – 720 Dempster Street, Mount Prospect, Illinois 60056 – for a period of roughly two (2) years prior to the date of the alleged service.  (Patel Decl. ¶ 5, ECF No. 35-3).  As proof of his residency, Mitesh Patel has provided copies of: (1) his driver's license, which was issued on February 16, 2011, and which indicates that his current residence is 2913 Nobel Drive, Champaign, Illinois ("Nobel Drive Home") (Exh. G, ECF No. 35-3); (2) a warranty deed transfer, dated October 3, 2005, indicating that Mitesh Patel purchased the Nobel Drive Home in August 2005 (Exh. H, ECF No. 35-3; see Patel Decl. ¶ 6); (3) a 2005 mortgage statement of a home loan to Mitesh Patel for his purchase of the Nobel Drive Home (id.); a 2007 real estate tax bill, addressed to Mitesh Patel, for the Nobel Drive Home (id.); (4) water bills for the Nobel Drive Home from October 2005 to November 2005 and July 2007 to November 2007 (Exh. I, ECF No. 35-3; see Patel Decl. ¶ 7); and (5) electrical bills for the Nobel Drive Home from October 2005 to January 2006 and June 2007 to December 2007 (id.).  Additionally, Mitesh Patel has supplied an affidavit from his parents, who lived at 720 Dempster Street Apt. GG7

from November 2002 to August 2008, declaring that Mitesh Patel did not live there at the time plaintiff purportedly effected service. (Aff. ¶¶ 2–6, ECF No. 35-4). The parents further state that they were never served with copies of a summons and complaint for any matter involving Mitesh Patel. (Id.). The parents attest that 720 Dempster Street, where service is alleged to have occurred, is actually a three-story apartment building comprised of twelve separate units. (Id. ¶ 3). The return of service, however, states no apartment or unit number, providing only 720 Dempster Street. (Summons, ECF No. 5). In addition to failing to state an apartment or unit number, the return of service states no time of day, physical description of the person served, or how the server identified the person to be served. (Id.).

In its opposition, plaintiff states that Mitesh Patel has failed to bring forth sufficient evidence to rebut the presumption of valid service created by a disinterested third-party's sworn declaration. (Opp'n at 5–7, ECF No. 37). In support of its position, plaintiff cites several cases where the defendant failed to rebut the presumption of valid service. (Id. at 6). The Court, however, finds these cases factually distinguishable. For instance, in Noske, service was effected by a deputy constable, at the undisputed correct address, purportedly on the defendants' spouses. Noske, 1994 WL 386850, at *3–5. In that case, the only evidence produced in opposition were affidavits by the defendants and their spouses stating they did not receive service. Id.

This case is easily distinguishable from Noske. In this case, the address is very much in dispute. Mitesh Patel has not only disputed the address in question, but has submitted documentary evidence to demonstrate that he did not reside at 720 Dempster Street when process was purportedly effected. To demonstrate that service was not at Mitesh Patel's actual residence, he has submitted the warranty deed transfer (Exh. H, ECF No. 35-3) and the water and electrical

bills for the Nobel Drive Home that included a time period encompassing October 30, 2007 (Exh. I, ECF No. 35-3).

This case is also readily distinguishable from Closeout Group!, in which the process server made three attempts at service, and provided a detailed account of each effort. The Closeout Group!, Inc. v. Venator Elecs. Sales & Serv., Ltd., 2009 U.S. Dist. LEXIS 69009, at *3–4 (E.D. Pa. Aug. 6, 2009). In that case, the server noted on each attempt that cars in the driveway were registered to the defendant and that the people who answered the door were uncooperative. Id. In opposition, the only evidence defendant provided to demonstrate that he resided elsewhere was an affidavit from him and his wife. Id. at *2–3, 10. Unlike the defendant in Closeout Group!, Mitesh Patel has provided sufficient evidence that he did not live at 720 Dempster Street Apt. GG7 at the time of the alleged service, *i.e.* October 30, 2007, and the process server made no description whatsoever of that alleged service. The other cases cited by plaintiff contain similar factual distinctions that render their persuasive authority limited with respect to the instant matter.

Moreover, Mitesh Patel's reply submission provides additional evidence calling into question whether he was served at 720 Dempster Street by including photo documentation of that property. The photographic documentation suggests that the units are accessible only by being "buzzed" in through an intercom system, which contains no names, only unit numbers. (Exh. A to Patel Decl., ECF No. 38-1; see Patel Decl. ¶ 5, ECF No. 38-1). Therefore, any process server would have had to have been "buzzed" in, or at minimum, would have had to have known the proper unit number. Because the Court finds that Mitesh Patel has established that 720 Dempster Street Apt. GG7 was not his residence, service upon another person at that address would not

constitute effective service of process on Mitesh Patel. Under Rule 4(e), service may be made on a person of suitable age or discretion, only at that party's residence. Fed. R. Civ. P. 4(e). While the Court finds that plaintiff acted at all times in good faith, the Court must conclude that the evidence and affidavits provided by Mitesh Patel have rebutted the presumption of validity for the attempted service of process. Thus, because plaintiff never properly served Mitesh Patel, the default judgment entered against him (ECF Nos. 17, 18, 20) is void.

Rule 60(c)(1) requires that any motion for relief under Rule 60(b) be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). However, Third Circuit precedent indicates that there is no timing requirement under Rule 60(b)(4), because a judgment that is void at its inception remains as such. See United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000) ("[T]here are no time limits with regards to a challenge to a void judgment because of its status as a nullity. . . ."). That is, "no passage of time can render a void judgment valid, and a court may always take cognizance of a judgment's void status whenever a Rule 60(b) motion is brought." Id.

Here, the Court finds that even if there were a requirement of reasonableness in the timing of the motion, Mitesh Patel has met that standard. Mitesh Patel was made aware of the judgment against him in the fall of 2011 when he sought to refinance his home. (Patel Decl. ¶¶ 8–9, ECF No. 35-3). Thereafter, he filed a motion, pro se, in the Central District of Illinois seeking to have the judgment against him vacated. (Id. ¶ 12). The court, however, denied Mitesh Patel's motion on June 28, 2012, and instructed him that he would have to seek any such relief in the District of New Jersey. (See Exh. F, ECF No. 35-2). Mitesh Patel then retained counsel and brought a motion to vacate in this Court on July 25, 2012. (Mot., ECF No. 21). This Court

denied his motion without prejudice, and instructed the parties to clarify under which provision relief was sought. (Order, Jan. 3, 2013, ECF No. 34). Based on this time line, and despite a showing of reasonableness not being necessary for relief under Rule 60(b)(4), the Court nonetheless finds that defendant Mitesh Patel acted promptly to satisfy a standard of reasonableness. As such, the Court respectfully recommends that the District Court grant defendant Mitesh Patel's motion to vacate the default judgment, in order that the case may be decided on its merits. Because the Court finds that Mitesh Patel is entitled to relief under Rule 60(b)(4), the Court need not reach his arguments regarding relief under Rule 60(b)(6).

### B. Whether the Complaint Should be Dismissed Pursuant to Rule 12(b)(5) and Whether the Attempted Service Should be Quashed

District courts possess "broad discretion" when evaluating a motion to dismiss for insufficient service of process. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action. Charles A. Wright et al., 5B FED. PRAC. & PROC. CIV. § 1354 (3d ed.) ("[T]he court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow the plaintiff another opportunity to serve the defendant . . . . The reluctance of the courts to dismiss an action when there is a possibility [of proper service] is understandable inasmuch as the dismissal . . . needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its merits."). Rather, courts will elect to quash service and grant plaintiff additional time to properly serve the defendant. Id.; see also Sampath v. Concurrent Techs. Corp, 227 F.R.D. 399, 401 (W.D. Pa. Apr. 20, 2005)

("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should at most, quash service, leaving the plaintiff [] free to effect proper service.") (internal citation and quotation marks omitted).

Here, while it is clear that Mitesh Patel now has actual notice of the suit, proper service is more than a formality, and must be effectuated. Harry & David v. J & P Acquisition, Inc., 865 F. Supp. 2d 494, 500 (D. Del. Oct. 12, 2011) ("Proper service is crucial in cases . . . in which a default judgment has been entered, since proper service commences the running of the time period which forms the basis of the default. In the 'sensitive area' of default judgments, procedural requirements are strictly constructed.") (collecting cases) (internal quotations omitted). The Court finds that plaintiff acted in good faith. However, based on the evidence provided by defendant Mitesh Patel, the scant factual description provided by plaintiff's process server regarding the alleged service of process on October 30, 2007, and, most critically, the fact that the attempted service apparently occurred at the wrong address, the presumption of validity attendant to the alleged service of process has been rebutted. But in order to allow the case to be heard on its merits, and because the plaintiff has acted in good faith in trying to effect service, the Court respectfully recommends that the action not be dismissed. Rather, the Court respectfully recommends that the District Court quash the service purportedly effected on October 30, 2007, and grant plaintiff an additional sixty (60) days to effectuate proper service of process on defendant Mitesh Patel.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court grant defendant Mitesh Patel's motion to vacate default judgment, deny his motion to dismiss the complaint pursuant to Rule 12(b)(5), quash the alleged service upon him, and allow plaintiff sixty (60) days to effect proper service of process on Mitesh Patel.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

Date: April 15, 2013

s/ *Michael A. Hammer*
Hon. Michael A. Hammer
United States Magistrate Judge